# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-781V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
RICHARD J. MICHEL,                      *     Filed: March 29, 2016
                                        *
            Petitioner,                 *
     v.                                 *
                                        *     Vaccine Act Entitlement;
                                        *     Denial Without Hearing
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ravinder Singh Bhalla*, Florio Perrucci Steinhardt and Fader, LLC, Rochelle Park, NJ, for Petitioner.

*Sarah Duncan*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### **DECISION DISMISSING CASE**[1]

On August 27, 2014, Richard Michel filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that the influenza ("flu") vaccine that he received on or about March 2, 2011, caused him to develop Guillain-Barré syndrome ("GBS"). *See* Pet. at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioner filed his medical records and Respondent filed her 4(c) Report disputing compensation, I ordered Petitioner to file an expert report supporting his claim. Petitioner filed an expert report from Dr. Marcel Kinsbourne on June 1, 2015. ECF No. 15. Respondent then filed the expert report of Dr. Arnold I. Levinson on August 31, 2015. ECF No. 21. Following a status conference on September 9, 2015, I set the deadline of October 16, 2015 for Petitioner's supplemental expert report. Petitioner subsequently filed two motions for extensions of time – both of which I granted – but never filed another expert report.

Instead, on December 3, 2015, Petitioner advised the Court that Petitioner did not wish to file anything further. ECF No. 26. During a status conference held on December 21, 2015, I set a deadline for Respondent to file a Motion to Dismiss, which she did on February 12, 2016. ECF No. 27. Respondent primarily avers that the case should be dismissed because Petitioner failed to establish an appropriate temporal association between his receipt of the flu vaccine and his development of GBS nearly five months later. *Id*. at 1-2.

Petitioner then requested a motion for extension of time to file a response (ECF No. 28), which I granted, giving Petitioner until March 25, 2016. On March 23, 2016, however, Petitioner instead filed a Motion to Dismiss, averring that he had "lost confidence in the Vaccine Program and its ability to adjudicate his Petition in a fair and just manner." ECF No. 30 at 1. In an effort to not waste the resources of the Court, Petitioner expressed a desire to dismiss the case. *Id*. at 2. Petitioner acknowledged that he understood that such a decision would result in a judgment against him, which would in turn end all of his rights in the Vaccine Program. *Id*. However, he intended to protect his rights to file a civil action in the future. *Id*.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence, even including the expert report that was filed, establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received (*see* § 11(c)(1)(D)(i)).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

3